UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00610-MOC-DSC

| | |
|---|---|
| **INVUE SECURITY PRODUCTS INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **MOBILE TECH, INC.,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (#25). Having been fully briefed, this matter is ripe for review. By the Motion, Defendant asserts that the three patents Plaintiff asserts in this action are invalid as directed to ineligible subject matter, based on the fact that the patents claim the allegedly abstract idea of "protecting merchandise from theft with a lock and key." See Def. Mot. Dismiss (#25) at p. 1. Defendant thus moves the court pursuant to Court pursuant to Fed. R. Civ. P. Rule 12(b)(6) for the dismissal of all counts of the First Amended Complaint for failure to state a claim. For the reasons explained herein, the court will deny the Motion without prejudice.

## I. Introduction

This is a patent infringement action in which Plaintiff alleges Defendant's infringement of U.S. Patent Nos. 9,269,247 (the '247 Patent); 9,135,800 (the '800 Patent); and 8,884,762 (the '762 Patent) (collectively "the patents-in-suit"). Plaintiff states that the patents-in-suit describe and claim, inter alia, security systems and methods for protecting items of merchandise. See, e.g., Exhibit C to First Amended Complaint, '762 patent at Col. 1, lines 47-67. Each of the

patents-in-suit is entitled "Programmable Security System and Method for Protecting Merchandise." First Amended Complaint (#24) at ¶ 1. As set forth in the First Amended Complaint:

> The patents-in-suit describe inventions that advanced the art and relate to methods of protecting merchandise and programmable security systems that can include in certain embodiments, for example, one or more of a programmable security device configured for attachment to merchandise, a programmable key that can be used to arm or disarm the security device, and a programming station that can be used to provide a security code for use with one or more programmable keys and security devices. Various embodiments with additional or different features are also described.

First Amended Complaint at ¶ 12.

After Plaintiff filed its First Amended Complaint, Defendant filed the instant Motion to Dismiss, asserting that all of the claims in the patents-in-suit are directed to unpatentable subject matter, that the patents are invalid under 35 U.S.C. § 101, and that the Amended Complaint should be dismissed with prejudice.

**II.  Analysis**

   **a.  Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A claimant must plead sufficient facts to state a claim for relief that is "plausible on its face." Id. at 570 (emphasis added). As the Supreme Court elaborated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), "[a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the

complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and "draw all reasonable inferences in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011).

**B. Legal Framework**

Defendant argues that the three patents-in-suit are each directed to the "abstract" idea of protecting merchandise from theft with a lock and key, and that such abstract ideas are not subject to patent protection under 35 U.S.C. § 101. That section of the Patent Act defines the scope of eligible patent subject matter as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, the Supreme Court has "long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." Alice Corp. Pty. v. CLS Bank Int'l, 134 S. Ct. 2347, 2354 (2014) (quoting Association for Molecular Pathology v. Myriad Genetics, Inc., 569 U.S. ——, ——, 133 S.Ct. 2107, 2116 (2013)).

Every issued patent enjoys a statutory presumption of validity. 35 U.S.C. § 282. The burden of establishing invalidity of a patent or any of its claims rests on the party asserting invalidity. Id. Governing law "requires patent challengers to prove invalidity by clear and convincing evidence." Tate Access Floors, Inc. v. Interface Architectural Res., Inc., 279 F.3d 1357, 1367 (Fed.Cir. 2002). The issue of patent eligibility under 35 U.S.C. § 101 presents a question of law. See Accenture Global Servs., GmbH v. Guidewire Software, Inc., 728 F.3d 1336, 1340–41 (Fed.Cir. 2013). The inquiry before the court in determining whether subject matter is patent-eligible under § 101 is twofold. First, the court must determine whether the claims at issue are directed to a patent-ineligible concept such as an abstract idea, which

Defendant alleges here. See Alice 134 S.Ct. at 2355. Second, the court must "examine the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." Id. at 2357 (quoting Mayo Collaborative Servs. v. Prometheus Labs., Inc., 132 S. Ct. 1289, 1294 (2012)). The Supreme Court has cautioned, however, that courts are to:

> tread carefully in construing this exclusionary principle [that laws of nature, natural phenomena, and abstract ideas are not patentable] lest it swallow all of patent law. At some level, all inventions ... embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas. Thus, an invention is not rendered ineligible for patent simply because it involves an abstract concept.

Alice, 134 S. Ct. at 2354 (internal citations and quotation marks omitted).

The parties in this case dispute whether it is appropriate for the court to consider Defendant's invalidity contentions prior to claim construction. The Federal Circuit has instructed that "claim construction is not an inviolable prerequisite to a validity determination under § 101…however, …it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.), 687 F.3d 1266, 1273-74 (Fed. Cir. 2012). Therefore, in limited circumstances, a district court may decide patent eligibility under § 101 without having conducted a claim construction hearing. See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n, 776 F.3d 1343, 1349 (Fed. Cir. 2014), cert. denied, 136 S. Ct. 119, 193 L. Ed. 2d 208 (2015) (affirming district court's decision to grant motion to dismiss based on patent-ineligible subject matter under § 101 without having a claim construction hearing). Indeed, numerous courts have decided patent eligibility on the pleadings in the wake of Alice.

See, e.g., buySAFE, Inc. v. Google, Inc., 765 F.3d 1350, 1352 (Fed. Cir. 2014); Modern Telecom Sys. LLC v. Earthlink, Inc., No. SA CV 14-0347-DOC, 2015 WL 1239992, at *7 (C.D. Cal. Mar. 17, 2015) (collecting cases). Others have not, finding claim construction and additional factual development necessary to resolution of the invalidity question. See, e.g., StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc., No. 8:13-CV-2240-T-33MAP, 2015 WL 518852, at *5 (M.D. Fla. Feb. 9, 2015) (denying motion to dismiss on § 101 grounds as "premature" where, inter alia, the record was not fully developed and the parties disputed the basic character of the claimed subject matter); Nomadix, Inc. v. Hospitality Core Servs. LLC, No. 14–08256, 2015 WL 1525537, at *2 (C.D.Cal. Apr.3, 2015) (denying § 101 argument on motion to dismiss because "[a]though the [c]ourt has the patents in question before it right now ... the exact functioning of the patented systems has not yet been fully briefed."); WAG Acquistion, LLC v. Multi-Media, LLC, No. CIV.A. 14-1661 ES JA, 2015 WL 5310203, at *6 (D.N.J. Sept. 10, 2015). Thus, while the court is cognizant of the fact that it could determine Defendant's invalidity arguments here prior to a claim construction hearing, it will not do so if the record before it does not allow for "a full understanding of the basic character of the claimed subject matter." Bancorp, 687 F.3d at 1273-74.

**C. Discussion**

Defendant's central contention in its 12(b)(6) Motion is that the three patents-in-suit are directed to the abstract idea of protecting merchandise from theft with a lock and key by taking security systems that have long been used in society with mechanical keys, and then "computerizing" those keys and their corresponding locks. Defendant contends that such a process is an "abstract idea" not subject to patent protection under 35 U.S.C. § 101 and Supreme

Court precedent in Alice and Mayo. Defendant contends that the patents-in-suit fail to meet the test for validity under such precedent, in that all claims of the asserted patents are directed to the allegedly abstract idea of protecting merchandise with a lock and key, and fail to provide any inventive concept that would make them patent eligible.

Plaintiff contends in response that Defendant's "abstract idea" argument against the patents-in-suit mischaracterizes the scope and content of the patent; fails to properly address the numerous claim limitations found among the 113 claims of the patents-in-suit; improperly ignores concrete, physical, and tangible elements found in the actual claims of the patents-in-suit; advocates skewed and incorrect claim constructions but contends that claim construction is unnecessary; and asks the court to rule on § 101 invalidity at the pleadings stage by relying on disputed materials that go beyond the First Amended Complaint and without the benefit of discovery.

Having considered the parties' contentions, the record, and the applicable law, the court finds that resolution of Defendant's invalidity contentions would be inappropriate at this stage in the proceedings. As the parties are well aware, patent law is a highly fact-specific field and the facts in this case, as they currently stand, must be more fully developed before the court can conclusively determine Defendant's invalidity contentions. Here, the parties dispute the nature and scope of the claims, the construction of the claims, and the basic character of the patents. See Pl. Resp (#27) at p. 18-19 (identifying words and claims that Defendant construes differently than Plaintiff would). Despite Defendant's suggestion that the court simply construe the terms "in the manner most favorable to Plaintiff" and then declare the patent invalid, see Def. Reply (#29) at p. 3, the parties have not set forth stipulated representative claims or proposed

constructions for the court to review. It is not the duty of the court to guess what claim constructions would be "most favorable" to Plaintiff without any argument from the parties as to what constructions the court should consider. As this court's colleague in New Jersey recently found, the court cannot "fairly apply Alice, particularly at step two, by attempting to conjure up all plausible claim constructions at this pleadings stage in the absence of stipulated constructions or at least Plaintiff's proposed constructions of its own patent." See WAG Acquistion, 2015 WL 5310203, at *6 (quoting Data Distribution Techs., LLC v. BRER Affiliates, Inc., No. CIV. 12-4878 JBS/KMW, 2014 WL 4162765, at *11 (D.N.J. Aug. 19, 2014)). Additionally, the record in this case is far from developed and additional discovery would aid in the decision-making process. The court would also benefit from additional briefing as to the exact nature and functioning of the patents at issue in this case. Finally, having considered the merits of Defendant's invalidity arguments on the current record, it is far from clear to the court that Defendant has met its burden of showing that the patents-in-suit, which the Amended Complaint characterizes as embodying tangible locks, keys, and programmable security devices, see, e.g. Amended Complaint (#24) at ¶ 27, are directed toward an abstract concept.

The court therefore finds that a granting of Defendant's Motion to Dismiss would be premature and that claim construction is necessary in order to determine Defendant's Motion. See WAG Acquistion, 2015 WL 5310203, at *6 ("Because resolving the parties' disputes about the basic character and meaning of the claims requires claim construction, Defendants' motion to dismiss under § 101 is denied."). See also Nomadix, 2015 WL 1525537, at *2. The court will therefore deny Defendant's Motion to Dismiss without prejudice, subject to renewal upon completion of claim construction, or at an earlier stage if Plaintiff provides its proposed

constructions of terms and Defendant accepts those constructions for purposes of non-patentability analysis.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (#25) is **DENIED** without prejudice, subject to renewal as stated herein.

Signed: April 14, 2016

Max O. Cogburn Jr
United States District Judge