UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00610-MOC-DSC, 3:16-cv-00553-MOC-DCK

| | |
|---|---|
| **INVUE SECURITY PRODUCTS INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **MOBILE TECH, INC., d/b/a Mobile Technologies** ) | |
| **Inc. and MTI, formerly known as Merchandising** ) | |
| **Technologies Inc.,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on Plaintiff's Motion to Consolidate the above-captioned cases, see (#44), 3:15 cv-610, which is unopposed by Defendant. Having considered the motion and reviewed the pleadings, and for the reasons explained herein, the court will grant the Motion.

### I.   LEGAL STANDARDS FOR CONSOLIDATION

Fed. R. Civ. P. 42(a) permits consolidation "[i]f actions before the court involve a common question of law of fact." The rule provides courts with discretion over whether to consolidate actions for trial. See Arnold v. Eastern Air Lines, Inc., 681 F.3d 186, 192 (4th Cir. 1982). Courts considering consolidation should evaluate:

> (1) whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues,
> (2) burden on the parties,
> (3) witnesses and available judicial resources posed by multiple lawsuits,
> (4) the length of time required to conclude multiple suits as against a single one, and
> (5) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 193. Generally, under Rule 42(a), when two causes of action involve common witnesses,

-1-

identical evidence, and similar issues, judicial economy will generally favor consolidation. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of actions involving common questions of law and fact also avoids the risk of inconsistent judgments. Switzenbaum v. Orbital Scis. Corp., 187 F.R.D. 246, 248 (E.D. Va. 1999). Nevertheless, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." Michael v. Wyeth, LLC, No. 2:04-cv-0435, 2011 WL 1527581, at *2 (S.D. W. Va. Apr. 20, 2011) (Copenhaver, J.) (internal quotations omitted).

## II.    DISCUSSION

Plaintiff filed this action (3:15-cv-610) on December 15, 2015, seeking certain relief, including a permanent injunction, from Defendant's alleged direct, contributory, and induced infringement of U.S. Patent No. 9,135,800 (the '800 patent) and U.S. Patent No. 8,884,762 (the '762 patent). Plaintiff then filed a First Amended Complaint on February 23, 2016, adding causes of action related to U.S. Patent No. 9,269,247 (the '247 patent), which was issued by the United States Patent and Trademark Office ("USPTO") on the same date. On July 19, 2016, Plaintiff filed the second case (3:16-cv-553) when the USPTO issued U.S. Patent No. 9,396,631 (the '631 patent) on the same date. The '800 patent, '762 patent, '247 patent and '631 patent are owned by Plaintiff and are all directed to programmable security systems and methods for protecting merchandise. Currently, Plaintiff identifies the same Accused Products in both actions against Defendant.

The court has reviewed the allegations asserted by way of the complaints filed in each case, and agrees with the parties that common issues of law and fact predominate. Here, the Plaintiff and Defendant in the above-captioned cases are the same parties. Both cases concern

Defendant's alleged infringement of the patents-in-suit; Plaintiff has alleged that Defendant is making, using, offering for sale, selling, and/or importing products, namely programmable security systems, that practice the invention of each of the patents-in-suit (hereinafter the "Accused Products"). Both cases allege that Defendant is inducing its customers to use the Accused Products, which are the same or substantially similar, in the United States. Furthermore, Plaintiff has requested a permanent injunction and an award of the same categories of damages in both actions.

The court also agrees with Plaintiff that judicial economy favors consolidation in this patent case, particularly for purposes of claim construction. Although the parties have not yet identified the claim terms from the patents-in-suit that must be construed, Plaintiff states that it is likely that some of the terms to be construed at the claim construction hearing will be the same or similar for all of the patents-in-suit. The court agrees that construing the terms of the four patents-in-suit in one claim construction hearing (rather than two) will serve judicial economy and avoid duplication of efforts and the risk of inconsistent results.

The court has considered the <u>Arnold</u> factors set forth <u>supra</u> and finds that they all weigh in favor of consolidation or are neutral. The risk that Defendant will suffer prejudice if these matters are consolidated is nonexistent or negligible. Both cases are in their infancy and consolidation will eliminate duplication of efforts by the parties and the court. Furthermore, if consolidated, a jury would be presented with allegations of infringement related to four patents asserted against the same infringing actions and products of Defendant. Plaintiffs state that many of the same witnesses will be presumably involved in both suits because the inventors are the same for all of the patents-in-suit, the same programmable security systems produced by

Defendant are accused of infringement in both cases, the same employees of the parties are likely to testify in both cases, and the parties will likely retain the same technical and damages experts for both cases. Consolidating these matters will also reduce the burden (temporally and financially) on the parties and court by avoiding avoid duplicative efforts in discovery, motions practice, and the claim construction process. Ultimately, the court finds that consolidation of the above-captioned action cases is warranted given the common factual and legal issues and the judicial efficiencies that will be achieved by and through consolidation.

Because the court agrees with the parties that consolidation is warranted, it will not address Plaintiff's Alternative Motion to Amend its Pleading pursuant to Fed. R. Civ. P. 15(a).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Consolidate (#44) is **GRANTED** and the above captioned cases shall be consolidated, with <u>InVue Security Products Inc. v. Mobile Tech, Inc. d/b/a Mobile Technologies Inc. and MTI, formerly known as Merchandising Technologies Inc.</u>, 3:15-CV-00610-MOC-DSC designated as the "Lead Case" for docketing purposes.

Signed: August 4, 2016

Max O. Cogburn Jr.
United States District Judge